UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

WENDY CITLALI GARCIA
MENDOZA,

      Petitioner,

v.

MARCELLO VILLEGAS, et al.,

      Respondents.

No. 1:26-CV-059-H

## ORDER

Wendy Citlali Garcia Mendoza entered the country eight years ago as an arriving alien. Dkt. No. 2 ¶ 30. At that time, ICE issued Garcia Mendoza a Notice to Appear, charging her with removability as an immigrant "not in possession of a . . . valid entry document." 8 U.S.C. § 1182(a)(7)(A)(i)(I); Dkt. No. 11 at 2. In February 2026, ICE detained Garcia Mendoza pending the resolution of her removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 2 ¶ 34. Before the Court is Garcia Mendoza's habeas petition, which demands her release based on regulations implemented under the INA and the Fifth Amendment's Due Process Clause. *Id.* ¶¶ 36–50.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions raised by aliens detained under Section 1225 as "applicants for admission," and it has determined that:

- The purported unlawfulness of an alien's re-detention pursuant to DHS regulations does not warrant the alien's release. *See, e.g.*, *Saint Paul v. Venturella*, No. 6:26-CV-129, Dkt. No. 19 at 7–8 (N.D. Tex. July 28, 2026); *Hong v. Mullin*, No. 1:26-CV-037, Dkt. No. 15 at 9–10 (N.D. Tex. Apr. 21, 2026) (rejecting limiting construction on Section 1225); *Nnamdi v. Warden, Eden Det. Ctr.*, No. 6:26-CV-248, Dkt. No. 16 at 4 (N.D. Tex July 29, 2026).

- The Due Process Clause does not require release or a bond hearing in these circumstances. *See Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 759–60 (N.D. Tex. 2026). And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- An alien's prior release on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) does not permit her to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

Though Garcia Mendoza is classified separately from other applicants for admission under Section 1225(a)(1), this distinction is immaterial. Her arguments are the same as those raised by other applicants for admission. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Accordingly, the petition for a writ of habeas corpus (Dkt. No. 2) is denied, and the motion for a temporary restraining order (Dkt. No. 15) is denied as moot.

So ordered on August 14, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE